IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER ELAM,
    Plaintiff,
v.
THE SANDUSKY REGISTER, et al.,
    Defendants.

Case No. 2:09-cv-00181
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## ORDER

Plaintiff Christopher Elam, a state prisoner, brings this action alleging that Defendant The Sandusky Register, Inc. slandered and defamed Plaintiff and deprived him of due process. This matter is before the Court on Magistrate Judge Abel's March 17, 2009 Initial Screening Report and Recommendation concluding that Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983. Plaintiff failed to file any objections to the Report and Recommendation.

The complaint alleges that a January 16, 2008 article in the *Sandusky Register* slandered and defamed Plaintiff and deprived him of due process of law. The article stated that Plaintiff had been convicted of attempted murder, he stabbed the victim multiple times, and his motivation was that the victim had a casual conversation with his wife. The complaint alleges that the article falsely stated that Plaintiff had been convicted of attempted murder, when he was in fact convicted of felonious assault.

The Magistrate Judge correctly noted that defamation is not actionable under 42 U.S.C. § 1983. *Sieger v. Gilley*, 500 U.S. 226, 233 (1991); *Paul v. Davis*, 424 U.S. 693, 701–702 (1976); *Walker v. Cahalan*, 542 F.2d 681, 683 (6th Cir. 1976), *cert. denied*, 430 U.S. 966 (1977).

Further, the complaint fails to state a claim against Defendants for deprivation of due process because it does not allege that Defendants acted under color of law. They are private

entities and persons. A claim arises under 42 U.S.C. § 1983 only when the defendant is acting under color of law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978). Here, it is clear that Defendants did not act under color of state law when they published the allegedly defamatory newspaper article. They engaged in wholly private conduct that is actionable, if at all, under Ohio law.

Plaintiff's April 7, 2009 application for an injunction to stop a direct conversion and for a Court order (Document 10) is also **DENIED**. Plaintiff seeks an order stopping prison officials from using money he has received as gifts to pay Plaintiff's filing fees. Plaintiff's reliance on *Goodrich v. Edwards*, 255 U.S. 527 (1921) is misplaced. It was not error for the prison officials to use funds received by Plaintiff as gifts to pay for his court filing fees.

Although Plaintiff has not filed objections to the Magistrate Judge's Report and Recommendation, the Court has performed a *de novo* review of the Report and Recommendation. Upon *de novo* review, the Court **ADOPTS** the Report and Recommendation (Document 4) and **DISMISSES** this action. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendant. This action is hereby **DISMISSED**.

6-4-2009
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**